UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 10-285-GWU

MARK FELTNER,                                                                                          PLAINTIFF,

VS.                                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

3.    The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

10-285  Mark Feltner

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

10-285  Mark Feltner

then an award of benefits may, under certain circumstances, be had. E.g., <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

  One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

  However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Mark Feltner, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease of the lumbosacral spine and cervical spine, left peripheral neuropathy, right shoulder and hip pain of uncertain etiology, left shoulder tendinopathy, and depression. (Tr. 14). Nevertheless, based in part on the testimony of a vocational expert (VE) given in the course of a prior application for benefits, the ALJ determined that Mr. Feltner retained the residual functional capacity to perform a significant number of jobs

existing in the economy, and therefore was not entitled to benefits. (Tr. 17-20). The Appeals Council declined to review, and this action followed.

The ALJ concluded that the plaintiff was limited to lifting 10 pounds occasionally and 5 pounds frequently, had to stand for five minutes at 30-minute intervals, and also had the following non-exertional restrictions.  He:  (1) could not "fine finger" over 20 minutes at a time; (2) could never climb, balance, stoop, kneel, crawl, or bend; (3) was able to understand, remember, and carry out simple tasks and instructions,  maintain concentration and attention for two-hour segments over an eight-hour work period, and respond appropriately to supervisors and coworkers in a task-oriented setting where contact with others was casual and infrequent; and (4) was able to adapt to simple changes and avoid hazards.  (Tr. 17).

The ALJ stated in his decision that the VE testimony given in the course of a prior application filed on March 24, 2004 and denied in an ALJ decision dated October 27, 2005 (Tr. 37-46) indicated that the plaintiff could perform the jobs of product inspector, assembler, and hand packager, when the VE was given a hypothetical question concerning "an individual with the claimant's age, education, work experience, and residual functional capacity." (Tr. 19).  Therefore, no new VE testimony was taken.

On appeal, this court must determine whether the administrative decision is supported by substantial evidence, or if there was an error of law.

10-285 Mark Feltner

Mr. Feltner filed his current applications for DIB and SSI on April 19, 2006, alleging disability beginning October 27, 2005 due to depression, and arthritis in the shoulders, spine, and hip. (Tr. 130). The plaintiff's date last insured (DLI) for the purposes of his DIB application is December 31, 2005, meaning that he was required to establish disability prior to that date in order to be eligible for these benefits. His SSI application is not affected.

The plaintiff raises three issues on appeal. Finding that they are meritorious, the court will remand the case for further consideration.

First, the plaintiff asserts that the ALJ erred by finding that his condition had not worsened since the 2005 decision, based on the physical limitations set out by Dr. Alacia Bigham, his treating physician at the Veterans Administration Medical Center (VA), in an opinion dated February 5, 2009. Dr. Bigham indicated that Mr. Feltner could lift less than 5 pounds, was limited to standing and walking a total of two hours in an eight-hour day (with no more than 10 minutes of walking and five minutes of standing), sitting six hours in an eight-hour day (no more than one-half hour without interruption), that he could never climb, crouch, or crawl, could occasionally kneel, stoop, and balance, and that he had limitations on reaching, handling, pushing, pulling, working around heights, moving machinery, and temperature extremes. (Tr. 570-72). The limitations are clearly more restrictive than the 2005 functional capacity finding, and as a treating source, Dr. Bigham's

opinion is entitled to great deference if it is supported by objective findings and not inconsistent with other evidence of record.  20 C.F.R. § 404.1572.  Dr. Bigham cited, in support of her opinion, an MRI report, pain and "range of movement," and a limitation of "reflex time" due to the plaintiff's condition and his medications.  (Tr. 570-72).  The MRI report was dated March 14, 2005 and showed degenerative changes superimposed on congenital central canal narrowing in the lower lumbar spine, causing mild to moderate central canal stenosis.  The L5-S1 neural foramina were moderately to severely narrowed and at the same level there was a disc herniation.  (Tr. 265-66, 573).

      The ALJ barely mentioned Dr. Bigham's opinion, saying that "the VA also opined total disability based on a magnetic resonance image considered at the prior hearing, rejected by both the prior Administrative Law Judge and the instant Administrative Law Judge.  The undersigned will adopt and reinstate the prior Administrative Law Judge's findings." (Tr. 18).  Since the prior ALJ had not seen Dr. Bigham's 2009 opinion, he clearly could not have made any findings regarding it.  The MRI itself is not a medical opinion.  The prior ALJ did describe the MRI results, but it is essentially meaningless to say that he "rejected" it.  He had only an opinion of total disability, apparently without any supporting detail, from Dr. Bigham, which may have been properly rejected, but since the evidence from the prior decision is not available, it cannot be said whether it is identical to Dr. Bigham's

10-285  Mark Feltner

2009 findings.  In any case, as the plaintiff notes, Dr. Bigham cited more than just the MRI in support of her opinion.  In addition to pain and range of motion, she mentioned limitations due to medication side effects, a factor which the ALJ is required to consider under 20 C.F.R. § 404.1529(c)(3)(iv). The plaintiff was being prescribed narcotic medications hydrocodone and morphine, in addition to a wide variety of other medications which might potentially cause drowsiness or lack of alertness, and while there was a question as to why the hydrocodone was not showing up on urine drug testing, the morphine clearly was.  (Tr. 551-52).

The Sixth Circuit Court of Appeals has held that if an ALJ fails to give good reasons on the record for according less than controlling weight to a treating source, the decision must be reversed and remanded unless the error is a harmless <u>de minimis</u> procedural violation.  <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 544 (6th Cir. 2004).  See also Social Security Ruling 96-2p, which notes that the ALJ's decision must be "sufficiently specific to make clear" his reasoning.  The ALJ did not deal with all of the rationale listed by the treating source, and his rejection of her opinion cannot be explained simply by reference to the 2005 ALJ decision.  If true, Dr. Bigham's 2009 opinion would clearly represent a worsening in the plaintiff's condition since 2005, making the adoption of the prior residual functional capacity finding erroneous. Accordingly a remand will be necessary on these points.

10-285  Mark Feltner

The plaintiff also objects to the finding that he could perform the jobs of product inspector, assembler, and hand packager, on the grounds that they are not compatible with the restriction of fingering for no more than 20 minutes without a break of at least five minutes as found in the 2005 decision.  (Tr. 42).[1]  He cites certain sections of the Dictionary of Occupational Titles (DOT) in support.  Since it is well established that an ALJ may accept the opinion of a VE over the description of jobs set out in the DOT, see, e.g., Conn v. Secretary of Health and Human Services, 51 F.3d 607, 610 (6th Cir. 1995); 20 C.F.R. § 404.1566(e), the court ordered the defendant to submit a transcript of the 2005 administrative hearing to ascertain whether the VE had been provided with the specific restrictions found in the current administrative decision, and that he had been asked whether his opinion was consistent with the DOT, as required by SSR 00-04p.  The defendant responded that a transcript of the 2005 hearing was not available, and, citing Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997), asserts that the ALJ was really not relying on the VE testimony, despite his clear statement to that effect in his decision.  This is unpersuasive.  It might be possible to rely on the finality of the prior ALJ decision if there was no deterioration in the plaintiff's condition, but this is uncertain in view of Dr. Bigham's 2009 decision.

---

[1] The current decision contains no mention of a five-minute break.  (Tr. 17).

10

Finally, the plaintiff points out that the ALJ made no mention of the opinion of a consultative psychological examiner, Dr. Marc Plavin, that the plaintiff would have only a "fair to poor" ability to tolerate stress. (Tr. 280). The ALJ briefly mentioned Dr. Plavin and his diagnosis of depression (Tr. 15) but said nothing about restrictions. The ALJ evaluated the plaintiff's mental condition without mentioning the consultative examiner's conclusions or the opinions of state agency non-examining psychological reviewers, who indicated that the plaintiff would have "moderate" limitations in a number of areas, including his ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and respond appropriately to changes in the work setting. (Tr. 290-91, 365-66). Nor can it be said the VE testimony reflected the statements given in Part III of the state agency psychologist's reports, since they included a limitation on sustaining attention for extended periods of two-hour segments for simple tasks, which was not included in the 2005 ALJ's functional capacity finding. (Tr. 42, 292, 367). The Sixth Circuit has ruled that such a two-hour limitation on sustaining attention is a critical factor if it is present. <u>Ealy v. Commissioner of Social Security</u>, 594 F.3d 504, 516-17 (6th Cir. 2010). Since the Commissioner's regulations provide that ALJs must explain the weight given to

10-285  Mark Feltner

opinions of state agency consultants unless a treating source opinion is given controlling weight, and the ALJ did not do so, his mental restrictions should also be considered on remand.  See 20 C.F.R. §§ 404.1527(f)(2)(ii); 416.927(f)(2)(ii).

The decision will be remanded for further consideration of the factors set out in this opinion.

This the 30th day of December, 2011.

Signed By:
G. Wix Unthank
United States Senior Judge